IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RONDERICK D. THOMAS

    v.                     :   Civil Action No. DKC 25-4227

DEPARTMENT OF THE STATE POLICE

:

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights case are the motion to dismiss for failure to state a claim filed by the Maryland Department of State Police ("MDSP" or "Defendant"), (ECF No. 8), and the motion for summary judgment filed by Ronderick Thomas ("Mr. Thomas" or "Plaintiff"), (ECF No. 15). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted and the motion for summary judgment will be denied.

## I.   Background

Ronderick D. Thomas, a former employee of the United States Air Force, applied for a concealed carry handgun permit from the MDSP. (ECF No. 3, at 1). Mr. Thomas contends that, during the review of his application, his expunged criminal records, supposedly false representations by his coworkers and ex-wife, and certain compromising photos misleadingly suggesting cocaine use

were improperly disclosed to the reviewing officials. (*Id.* at 1-4). The MDSP denied his application on the grounds that Mr. Thomas exhibited a propensity for violence based on a series of peace orders filed against him and that he would be prohibited from purchasing a firearm under federal law due to his admitted use of marijuana. An Administrative Law Judge affirmed the decision. (ECF No. 3-3, at 41-42). Mr. Thomas alleges that this denial was improper because he has no criminal history and no drug-use convictions. (ECF No. 3, at 4).

On October 14, 2025, Mr. Thomas sued the MDSP in the Circuit Court for Charles County, Maryland, alleging race discrimination, violation of his Second Amendment rights, and violation of several Maryland criminal statutes regarding access to and disclosure of expunged information. (ECF No. 3). The MDSP removed the action to this court on December 29, 2025, asserting federal question jurisdiction over Mr. Thomas's purported federal claims. (ECF No. 2). The Notice posited that federal question jurisdiction existed due to Plaintiff's Second Amendment claim, necessarily brought pursuant to 42 U.S.C. § 1983. (*Id.* ¶ 7). On January 5, 2026, the MDSP moved to dismiss the Complaint for failure to state a claim. (ECF No. 8). Mr. Thomas filed a motion for summary judgment on

January 20, 2026.  (ECF No. 15).[1]  The MDSP responded on February 3, 2026.  (ECF No. 17).

## II.  Standard of Review

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) tests the sufficiency of the complaint.  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  The court "must accept the complaint's factual allegations as true and construe the facts in the light most favorable to the plaintiff."  *Barnett v. Inova Health Care Servs.*, 125 F.4th 465, 469 (4th Cir. 2025) (citing *Barbour v. Garland*, 105 F.4th 579, 589 (4th Cir. 2024)).  A plaintiff's complaint must only satisfy the standard of Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed.R.Civ.P. 8(a)(2)).  A Rule 8(a)(2) "showing" requires "stat[ing] a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*,

---

[1] The motion for summary judgment is largely the Complaint copied and pasted, with minor modifications.  Whether construed as a true motion for summary judgment, a response to the motion to dismiss, or an effort to amend the Complaint, this filing does not accomplish its objective.  The motion to dismiss disposes of the Complaint.

550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged."  *Mays v. Sprinkle*, 992 F.3d 295, 299–300 (4th Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678).

## III. Analysis

Plaintiff's state court Complaint seeks damages for "racial profiling, discrimination, and opening and reviewing an expunged record by a government entity, in putting false information into the Maryland Criminal Repository (CJIS), NCIS, and providing false information to [an Administrative Law Judge] under oath, and violation of my 2nd amendment right to bear arms."  (ECF No. 3, at 4).  As recognized by Defendant in its Notice of Removal, the proper vehicle for bringing a federal constitutional claim is under 42 U.S.C. § 1983.  As pertinent to this case, that statute provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

4

In order to state a claim under that statute, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citation modified). A "person" is the only proper defendant to a § 1983 claim. The Supreme Court has long held that a state entity is not a "person" for the purposes of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Biggs v. N.C. Dep't of Pub. Safety*, 953 F.3d 236, 242 (4th Cir. 2020). It is likewise well established that the MDSP is a state entity. Md. Code Ann., Pub. Safety § 2-201 (West 2026); *see also Chapman v. Md. Dep't of State Police*, No. 23-cv-442-ADC, 2023 WL 5053545, at *4 (D.Md. Aug. 8, 2023) (dismissing § 1983 claim against an office within the MDSP because it is an instrumentality of the state and thus not a "person"). As Defendant points out, the MDSP is not a "person" and thus not subject to suit in law or equity under § 1983. (ECF No. 12, at 3-4). This deficiency alone warrants dismissal of any federal claim.

Moreover, the allegations in the Complaint do not contain factual allegations sufficient to state a race discrimination or Second Amendment claim. Section 1983 race discrimination claims are generally evaluated under the Equal Protection Clause of the

Fourteenth Amendment to the United States Constitution. *Cf. Washington v. Davis*, 426 U.S. 229, 239 (1976) ("The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race."). On such claims, "the complaint must allege that the denial of equal protection was motivated by racial animus." *Robinson v. Bd. of Cnty. Comm'rs*, No. 07-cv-1903-RDB, 2008 WL 2484936, at *10 (D.Md. June 19, 2008) (citing *City of Cuyahoga Falls v. Buckeye Cmty. Hope Found.*, 538 U.S. 188, 195 (1976); *Arlington Heights v. Metro. Hous. Corp.*, 429 U.S. 252, 265 (1977)). None of the allegations in the Complaint indicate that the individuals involved in denying Plaintiff's gun license application were motivated by racial animus. Absent this crucial element, Plaintiff's race discrimination claim cannot proceed.

Plaintiff's Second Amendment claim is similarly deficient. The United States Court of Appeals for the Fourth Circuit recently explained the two-step inquiry for assessing a Second Amendment claim after *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022):

> At *Bruen* step one, our job is to construe the Second Amendment's plain text according to its original public meaning. *See Bruen*, 597 U.S. at 34[] ("Constitutional rights are enshrined with the scope they were understood to have *when the people adopted them*.") (quotation omitted). We do so by answering three questions: (1) whether the petitioner is

> "part of the people whom the Second Amendment protects"; (2) whether the weapons at issue are "in common use for a lawful purpose"; and (3) whether the Second Amendment protects the "proposed course of conduct." *United States v. Price*, 111 F.4th 392, 400 (4th Cir. 2024) (en banc) (cleaned up). Once those three questions have been answered affirmatively, the step one inquiry is at an end, and the court must proceed to step two. *Bruen*, 597 U.S. at 24[].
>
> At *Bruen* step two, our job is different, we must determine whether "a firearm regulation is *consistent* with this Nation's historical tradition." *Bruen*, 597 U.S. at 17[] (emphasis added). Why and how the regulation burdens the right are central to this inquiry. [*United States v.*] *Rahimi*, 602 U.S. [680,] 692[ (2024)].

*Kipke v. Moore*, 165 F.4th 194, 206 (4th Cir. 2026). Plaintiff fails to articulate how the gun license application denial violated his Second Amendment rights under *Bruen*. The thrust of his Complaint is that he was entitled to a gun license provided that he did not have any criminal history. Even taking as true that Plaintiff had no criminal history, however, Maryland law contains myriad other bases for denial. The MDSP cited two such bases in its disapproval: (1) propensity for violence (due to peace orders entered against him), Md. Code Ann., Pub. Safety § 5-306(a)(10)(i) (West), and (2) prohibition from purchase under state or federal law, *id.* § 5-306(a)(10)(ii) (due to admitted use of marijuana). (ECF No. 3-3, at 32–33, 41–42). Plaintiff does not challenge

either of these bases or assert that they are unconstitutional bases of denial.[2]

Finally, Plaintiff cites two state criminal statutes related to disclosure of expunged information about criminal charges. There is no indication that these criminal statutes afford any civil right of action, nor does Plaintiff make any argument to that effect. Any possible claim under these statutes is thus rejected.[3]

Plaintiff will have twenty-one (21) days to move for leave to amend his Complaint to name an appropriate defendant and correct the substantive deficiencies identified above. Moreover, the bulk of the exhibits attached to the notice of removal, state court Complaint, and motion for summary judgment contain personally identifying information that should have been redacted before those exhibits were publicly filed. Given that this case is being dismissed, the clerk will be directed to place these documents

---

[2] In his motion for summary judgment, Plaintiff adds a reference to the Fourth Amendment, too. (ECF No. 15, at 12–13). "It is well-established," however, "that parties cannot amend their complaints through briefing." *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands*, *LLC*, 713 F.3d 175, 184 (4th Cir. 2013) (citation modified). To the extent Plaintiff was seeking to amend his Complaint, he will have the opportunity to move for leave to do so properly, in compliance with Fed.R.Civ.P. 7(b) and Local Rule 103.6.

[3] Because Plaintiff's Complaint fails to state a claim, he is also not entitled to summary judgment. *See* Fed.R.Civ.P. 56(a).

under seal.  If Plaintiff seeks to file an Amended Complaint, he is reminded to file all documents in compliance with the privacy protections in Fed.R.Civ.P. 5.2.

## IV.  Conclusion

For the foregoing reasons, the MDSP's motion to dismiss will be granted and Mr. Thomas's motion for summary judgment will be denied.  A separate order will follow.

                                        /s/
                              DEBORAH K. CHASANOW
                              United States District Judge